IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Curtis Reynolds, #10671-023, | C/A No.: 2:25-cv-10371-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Napier, | |
| Respondent. | |

Petitioner, a federal inmate, filed this action seeking habeas relief under 28 U.S.C. § 2241. [ECF Nos. 1, 11.] He specifically challenges his eligibility to receive First Step Act ("FSA") credits. *Id.* This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.). [ECF No. 15.] The Report recommends summary dismissal of the petition because Petitioner's current sentence disqualifies him from receiving FSA credits, so the relief he seeks is unavailable. *Id.* Petitioner objects. *See* ECF Nos. 19, 22. This matter is now ripe for ruling. For the reasons below, this court adopts the Report and dismisses the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report details the relevant facts and standards of law, which the court adopts without a full recitation, but a brief review of the procedural history is helpful to inform the court's analysis. *See* ECF No. 15 at 1–4. Petitioner is currently serving a 360-month sentence for the following convictions:

- attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B;

1

- attempting to provide material support to damage and destroy an interstate gas pipeline by means of force or explosive, in violation of 18 U.S.C. § 2339A(a) and 2;

- soliciting others to damage or attempt to damage an interstate pipeline facility by means of force or explosive, in violation of 18 U.S.C. § 373;

- distributing information through the internet on the manufacture and use of an explosive device to damage an interstate gas pipeline facility, in violation of 18 U.S.C. § 842(p)(2); and

- possessing an explosive grenade, in violation of 18 U.S.C. §§ 5841, 5861(d), and 5871.

*See id.* at 1–2 (citing *United States v. Reynolds*, Crim. Case No. 3:05-cr-493-MEM (M.D. Pa. Nov. 6, 2007) (Dkt. No. 297)).[1] Petitioner was convicted in July 2007 in the United States District Court for the Middle District of Pennsylvania. *Id.* He later filed a direct appeal and a motion under 28 U.S.C. § 2255, but he was unsuccessful. *Id.* at 2 (citing *United States v. Reynolds*, App. Case No. 07-3210, 374 F. App'x 356 (3d Cir. 2010); *United States v. Reynolds*, Crim. Case No. 3:05-cr-493-MEM, 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012)). As detailed in the Report, since his § 2255 motion was denied, "Petitioner has become a prolific filer of unsuccessful habeas petitions, filing over fifteen actions in the United States District Court for the Southern District of Illinois, and over twelve actions in the United States District Court for the Middle District of Pennsylvania, among other district courts." *Id.* (internal citations omitted) (collecting cases).

Petitioner initially filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, purporting to only seek the restoration of First Step Act time credits he believes he is due and to challenge his custody classification in the Federal Bureau of Prisons ("BOP"). *See* ECF No. 1 at 28. But because Petitioner also seemed to attack the validity of certain criminal convictions and

---

[1] Like the magistrate judge, this court also takes judicial notice of the records filed in Petitioner's underlying criminal case and in the various federal collateral proceedings that followed. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records." (internal citation omitted)).

2

subsequent sentencing enhancements, and because his petition was otherwise difficult to follow, the magistrate judge allowed Petitioner additional time to file an amended petition. *See* ECF Nos. 3, 7. Petitioner did so by filing a form § 2241 habeas corpus petition, raising the following grounds for relief:

**Ground One:** The First Step Act time credits are being refused on an illegal FBOP definition of 'crimes of violence' in opposition to Federal Laws. Petitioner, whom by law has no 'crimes of violence' is being barred time credits.

**Supporting Facts:** Under Federal law, the Petitioner has not one 'crime of violence,' which the FBOP wrongly lists his 842(p)(2) allegation as violent. when no 'weapon of mass destruction was involved under 18 U.S.C. § 3632(4)(D)(xviii), and there can be no Intent based on arson, which holds no specific intent element, thus the § 2331, § 3632(xlvii) paragraph is not supportable for denial of FSA credits.

**Ground Two:** Petitioner has no 'crimes of violence,' as all his allegations fall under the VOID and Unconstitutional, thus removed, 18 U.S.C. § 16(b), 'residual clause.' This false 'violence' score, past and present cases used by the FBOP to bar credits under the PATTERN Score, applicable to FSA credits.

**Supporting Facts:** Petitioner has submitted caselaws in the prior Brief that support that all his allegations are listed under 18 U.S.C. § 16(b). This paragraph has been deleted for usage by prior Federal and Supreme Court laws. The FBOP used the erred C.F.R. § 550.55 as basis, which includes this flawed, unconstitutional 'residual clause' language. It must then be removed from any and all usage by the FBOP.

**Ground Three:** Petitioner's PSR contains known falsified an fabricated 'crimes' which the FBOP again uses in the PATTERN Scores, thus ties them to FSA time credit denials. The PSR must be corrected.

**Supporting Facts:** There are five entries on the PSR and of them, three have been proven as fabrications, [and one of those, the Ansonia "Resisting Arrest" charge was altered at a Hearing to be a "Two Assaults on Police" same year Litchfield, Ct. Court, also a complete known fabrication, which both Courts have declared as falsified and knowingly so. One, 1978 Att. Arson 4th, is a non-crime and illegal conviction, also known and not corrected. All used to deny FSA time credits by PATTERN Scores.

[ECF No. 11 at 6 (errors in original).]

3

The magistrate judge issued her Report in February 2026. [ECF No. 15.] There, she reasoned that Petitioner is not entitled to the relief he seeks under § 2241 because he is currently serving a sentence for an offense that disqualifies him from receiving FSA credits. *Id.* at 6–8. The magistrate judge noted that other courts have explained as much in Petitioner's prior habeas actions. *Id.* at 6–7. The magistrate judge also addressed Petitioner's arguments about his PATTERN[2] Score, noting that adjustments to that score are not within the purview of this court even if Petitioner could receive FSA credits. *Id.* at 7–9. Finally, the magistrate judge reiterated, as Petitioner had been told by another district court, that challenges to custody classification are not cognizable in a § 2241 petition. *Id.* at 9. With that, the magistrate judge recommended summary dismissal of this case. *Id.* at 9–10.

In response to the Report, Petitioner filed objections, supplemental objections, and various motions. [ECF Nos. 18, 19, 20, 22.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616,

---

[2] PATTERN stands for Prisoner Assessment Tool Targeting Estimated Risk and Needs. It is "a classification tool to assess both a prisoner's risk of recidivism and their risk of violent or serious misconduct." *Harris v. Holzapfel*, 2025 WL 769606, at *3 (S.D.W. Va. Feb. 14, 2025).

4

622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Under the FSA, eligible inmates may earn credits toward time to be served in pre-release custody or supervised release by completing evidence-based recidivism reduction programs. *See* 18 U.S.C § 3632(d)(4)(A). However, an inmate may not earn FSA credits if he is serving a sentence for any of the 72 disqualifying offenses specified in 18 U.S.C. § 3632(d)(4). As stated in the Report, Petitioner is ineligible for the relief he seeks because of his disqualifying conviction under 18 U.S.C. § 2339B. [ECF No. 15.] In a prior case, the United States District Court for the Middle District of Pennsylvania succinctly explained this to Petitioner:

> "As required by the FSA, an inmate cannot earn FSA Time Credits if that inmate is serving a sentence for a disqualifying offense or has a disqualifying prior conviction." 28 C.F.R. part 523 and part 541. A list of disqualifying offenses is listed in 18 U.S.C. § 3632(d)(4)(D). Reynolds' offense under 18 U.S.C. 2339B,

5

> providing material support or resources to designated foreign terrorist organizations, qualifies as a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D)(xlvii) or "any section of chapter 113B, relating to terrorism." *See Reynolds v. Williams*, No. 22-cv-0139-JPG, 2022 WL 970587, at *5 (S.D. Ill. March 31, 2022) (determining that Reynolds is incarcerated pursuant to a disqualifying offense, rendering him ineligible to receive FSA Time Credits). Consequently, Reynolds is ineligible to receive FSA Time Credits and this Court will not substitute its judgment for that of Congress.

*Reynolds v. Rickard*, CIVIL ACTION NO. 3:23-1821, 2024 WL 1862169, at *6 (M.D. Pa. Apr. 29, 2024), *aff'd sub nom. Reynolds v. Warden*, No. 24-1942, 2024 WL 4164271 (3d Cir. Sep. 12, 2024). This is the very foundation of the recommended dismissal—Petitioner is ineligible *by statute* to receive time credits under the FSA. Petitioner objects, continuing to argue as he did in his petition, that certain of his offenses do not qualify as crimes of violence, that BOP's policies are not in accordance with statute, and that his PATTERN score should be adjusted.[3] *See* ECF Nos. 19, 22. But these arguments are immaterial to the reasons for the recommended dismissal. Petitioner's ineligibility to receive FSA credits is not the result of a BOP-implemented policy. Petitioner is ineligible to receive FSA time credits by statute, and it is beyond the authority of the BOP or this court to alter these *statutory* exclusions. Although Petitioner objects vehemently, his objections have no bearing on the basis for dismissal. They are thus overruled.

Petitioner further argues that his amended petition was intended as a supplement to his original petition, not as a replacement. [ECF No. 19 at 2.] First, Petitioner was advised by the

---

[3] Throughout his filings, Petitioner relies on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), where the Supreme Court held that courts must independently decide whether an agency has acted according to its statutory authority, and "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id*. at 413. However, unlike *Loper*, the statutes at issue—that is, those that designate Petitioner's terrorism-related convictions are disqualifying—are not ambiguous. *See Purdy v. Carter*, No. CV BAH-24-582, 2024 WL 4651275, at *5 (D. Md. Nov. 1, 2024) (noting that the statute at issue must be somewhat ambiguous to implicate *Loper*). Petitioner is not receiving FSA credits because he is expressly excluded from receiving those credits by statute, not by a BOP policy.

magistrate judge that if he filed an amended pleading, it would completely replace the original petition. [ECF No. 7 at 1.] Second, even to the extent the court considers the various § 2241 arguments raised in the original petition,[4] his arguments do not change the application of the law to the facts in this case—Petitioner is serving a sentence for convictions that disqualify him for receiving FSA credits under statute, not based on the BOP's interpretation of statute. This objection is overruled.

Finally, although Petitioner's objections primarily relate to his ineligibility to receive FSA credits, to the extent any of his objections concern his custody classification, those objections are overruled. As the Report explains, a § 2241 petition is not the proper vehicle to make such a challenge. [ECF No. 15 at 9 (citing *Reynolds*, 2024 WL 1862169, at *6).]

**CONCLUSION**

After a de novo review of the Report, the applicable law, and the record of this case, this court adopts and incorporates the Report, ECF No. 15, and finds that this petition should be dismissed. Accordingly, the Petition is **SUMMARILY DISMISSED WITHOUT PREJUDICE**, without leave to amend, and without requiring Respondent to file a return. The court terminates Petitioner's other pending motions[5] as **MOOT**.

---

[4] The magistrate judge noted the petition was both "convoluted" and "disorganized," which made it difficult to discern Petitioner's arguments. *See* ECF No. 7 at 3. The court agrees, but, from what the court can discern, the arguments raised in the original filing are largely the same as those addressed here—that is, arguments that have already been addressed and rejected by other courts and that do not affect the basis for dismissal.

[5] Petitioner's pending motions include: an emergency motion for order to show cause, ECF No. 10, seeking to have his petition decided on summary judgment; a motion for a declaratory judgment, ECF No. 12; a motion to show cause, ECF No. 18; and a motion "under 28 U.S.C. § 2241," ECF No. 20, in which Petitioner asks the court to recalculate his sentence and likens his situation to one where his sentence exceeds the statutory maximum. Largely, these motions are moot, but to the extent Petitioner asks this court to recalculate his sentence, he fails to show that this is the proper venue and vehicle for that motion. *See Bell v. Streeval*, 147 F.4th 452, 469 (4th

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6]

**IT IS SO ORDERED.**


July 27, 2026                                            Sherri A. Lydon
Columbia, South Carolina                          United States District Judge

---

Cir. 2025) ("Section 2255 may be unavailable to [the petitioner], but it is nevertheless adequate and effective to test the legality of his claim. So he cannot bring a habeas petition under § 2241.").
[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make the required showing.